TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

DANIEL C. LUECKE (CA Bar No. 326695)
Trial Attorney, Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel:    (202) 598-7863
E-mail: daniel.luecke@usdoj.gov

*Counsel for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY,

     Plaintiff,

v.                                                                   Case No.: 1:24-cv-02014-TNM

DEBRA HAALAND, et al.,

     Defendants.

**FEDERAL DEFENDANTS' ANSWER**

     Federal Defendants Debra Haaland, in her official capacity as Secretary of the United

States Department of the Interior; Elizabeth Klein, in her official capacity as Director of the

Bureau of Ocean Energy Management ("BOEM"); and Kathryn Kovacs, in her official capacity

as the Deputy Assistant Secretary for Land and Minerals Management Exercising the Delegated

Authority of the Director of the Bureau of Safety and Environmental Enforcement ("BSEE")[1]

(collectively "Defendants"), by and through their undersigned attorneys, hereby submit the

following answer to the Complaint for Declaratory and Other Relief ("Complaint") filed by

---

[1] Kevin Sligh no longer serves as the Director of BSEE. Kathryn Kovacs is automatically
substituted pursuant to Fed. R. Civ. P. 25(d).

Center for Biological Diversity ("CBD" or "Plaintiff"). The paragraph numbers in the Answer correspond to the paragraph numbers in Plaintiff's Complaint.

**INTRODUCTION**

1.   The allegations in Paragraph 1 purport to characterize the statutes cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.  The allegations also constitute conclusions of law to which no response is required.

2.   The allegations in Paragraph 2 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

3.   The allegations in Paragraph 3 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

4.   The allegations in Paragraph 4 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations also constitute conclusions of law to which no response is required.

5.   The allegations in Paragraph 5 constitute conclusions of law to which no response is required. The allegations in Paragraph 5 are also vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

6.   The allegations in Paragraph 6 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

7.   The allegations in Paragraph 7 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the first sentence of Paragraph 7 also purport to characterize the referenced report, which document speaks for itself and is the best evidence of its contents; any

allegations contrary to its plain language and context are denied.

8. The allegations in Paragraph 8 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

9. The allegations in Paragraph 9 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in Paragraph 9 also purport to characterize the referenced NEPA analyses, which documents speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

10. The allegations in Paragraph 10 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. Defendants aver that BSEE periodically issues permits for drilling activity or authorizations relating to decommissioning.

11. The allegations in the first and second sentences of Paragraph 11 characterize plaintiff's case and require no response. The remaining allegations in Paragraph 11 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

## JURISDICTION AND VENUE

12. The allegations in Paragraph 12 constitute conclusions of law to which no response is required.

13. Defendants admit that Defendants reside in this District. The remaining allegations in Paragraph 13 constitute conclusions of law to which no response is required.

## PARTIES

### Plaintiff

14. Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 14 and therefore deny those allegations.

15. Defendants lack sufficient knowledge or information to respond to the allegations in

Paragraph 15 and therefore deny those allegations.

16. Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 16 and therefore deny those allegations.

17. Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 17 and therefore deny those allegations.

18. The allegations in Paragraph 18 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in Paragraph 18 also present conclusions of law, to which no response is required.

19.  Defendants admit the allegations in the first sentence of Paragraph 19. The remaining allegations in Paragraph 19 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in the first, third, and fourth sentences of Paragraph 21. Defendants lack sufficient knowledge or information to respond to the allegations in the second sentence of Paragraph 21 and therefore deny those allegations.

22. The allegations in the first and second sentences of Paragraph 22 constitute Plaintiffs' characterization of their claims and conclusions of law, to which no response is required.  The allegations in the third sentence of Paragraph 22 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

### Defendants

23. Defendants admit the allegations in the first sentence of Paragraph 23.  The remaining allegations present conclusions of law to which no response is required.

24. Defendants admit the allegations in the first, second, and third sentences of Paragraph 24. The remaining allegations present conclusions of law to which no response is required.

25. Defendants deny the allegations in the first sentence of Paragraph 25 and aver that Kevin

M. Sligh Jr. is no longer the Director of BSEE.  Defendants admit the allegations in the second sentence of Paragraph 25. The remaining allegations present conclusions of law to which no response is required.

## LEGAL BACKGROUND

### Outer Continental Shelf Lands Act

26. The allegations in Paragraph 26 purport to characterize the statutes cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

27. The allegations in Paragraph 27 purport to quote from and characterize the statutes cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

28. The allegations in the first and second sentences of Paragraph 28 purport to quote from and characterize the case and regulations cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied. The allegations in the third sentence of Paragraph 28 constitute conclusions of law to which no response is required.

29. The allegations in Paragraph 29 purport to characterize the statute cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

30. Defendants admit the allegations in the first sentence of Paragraph 30. The remaining allegations in Paragraph 30 constitute conclusions of law to which no response is required.

31. The allegations in Paragraph 31 purport to characterize the regulation cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.  The allegations in Paragraph 31 also constitute conclusions of law, to which no response is required.

32. The allegations in Paragraph 32 purport to quote from and characterize the regulation cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to

its plain language and context are denied.

33. The allegations in Paragraph 33 purport to quote from and characterize the regulation cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

34. The allegations in Paragraph 34 purport to quote from and characterize the regulations cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

35. The allegations in Paragraph 35 purport to quote from and characterize the regulations cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

36. The allegations in Paragraph 36 purport to quote from and characterize the regulations cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

37. The allegations in Paragraph 37 purport to quote from and characterize the regulations cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

38. The allegations in Paragraph 38 purport to quote from and characterize the guidance document cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

39. The allegations in Paragraph 39 purport to quote from and characterize the guidance document cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

40. The allegations in Paragraph 40 purport to quote from and characterize the regulation cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

41. The allegations in Paragraph 41 purport to quote from and characterize the BOEM form cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to

its plain language and context are denied.

42. The allegations in Paragraph 42 purport to characterize the regulation cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

43. The allegations in Paragraph 43 constitute conclusions of law to which no response is required.

### National Environmental Policy Act

44. The allegations in Paragraph 44 and the accompanying footnote purport to quote from and characterize the regulations and statute cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

45. The allegations in Paragraph 45 purport to quote from and characterize the statute and case cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

46. The allegations in Paragraph 46 purport to quote from and characterize the statutes cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

47. The allegations in Paragraph 47 purport to quote from and characterize the statute cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

48. The allegations in Paragraph 48 purport to quote from and characterize the regulations cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

49. The allegations in Paragraph 49 purport to quote from and characterize the statute and regulation cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

50. The allegations in Paragraph 50 purport to quote from and characterize the regulation

cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

51. The allegations in Paragraph 51 purport to quote from and characterize the regulations cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

52. The allegations in Paragraph 52 purport to quote from and characterize the regulation cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

53. The allegations in Paragraph 53 purport to quote from and characterize the regulations cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

54. The allegations in Paragraph 54 purport to quote from and characterize the regulations cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

55. The allegations in the first sentence of Paragraph 55 purport to quote from and characterize the regulation cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied. The allegations in the second sentence of Paragraph 55 constitute conclusions of law to which no response is required.

56. The allegations in Paragraph 56 purport to quote from and characterize the statutes cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

57. The allegations in Paragraph 57 purport to quote from and characterize the regulations cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

58. The allegations in Paragraph 58 purport to quote from and characterize the regulation cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

**The Administrative Procedure Act**

59. The allegations in Paragraph 59 purport to characterize the statute cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

60. The allegations in Paragraph 60 purport to quote from and characterize the statute cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

61. The allegations in Paragraph 61 purport to quote from and characterize the statute cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

## FACTUAL BACKGROUND

**The Gulf of Mexico Environment**

62. Defendants admit the allegations in Paragraph 62.

63. Defendants admit the allegations in the first sentence of Paragraph 63. The allegations in the second sentence of Paragraph 63 purport to characterize unidentified studies, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

64. The allegations in the first sentence of Paragraph 64 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. Defendants admit the remaining allegations in Paragraph 64 but aver that the last sentence should refer to the whooping crane, and not the "whopping crane."

65. Defendants admit the allegations in Paragraph 65.

66. Defendants deny the allegations in the first sentence of Paragraph 66 but aver that there were 186 lease sales within that timeframe. The allegations in the second sentence of Paragraph 66 purports to characterize the five-year leasing plan, which document speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are

9

denied.

67. The allegations in Paragraph 67 purport to characterize unidentified "federal estimates," which documents speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

68. Defendants deny the allegations in Paragraph 68.

69. The allegations in Paragraph 69 purport to characterize a 2024 GAO report, which document speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

70. The allegations in Paragraph 70 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

71. The allegations in Paragraph 71 purport to characterize a 2023 study, which document speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

72. The allegations in the first and second sentences of Paragraph 72 purport to characterize a 2021 GAO report, which document speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied. Defendants admit the allegations in the third and fourth sentences of Paragraph 72.

73. The allegation in the first sentence of Paragraph 73 is vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. Defendants admit the allegations in the second sentence of Paragraph 73.

74. The allegations in Paragraph 74 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

75. The allegations in Paragraph 75 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them

on that basis.

76. Defendants admit the allegations in the first sentence of Paragraph 76. The allegations in the second sentence of Paragraph 76 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

77. The allegations in the first, second, third, and sixth sentences of Paragraph 77 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the fourth and fifth sentences purport to characterize unidentified studies, which documents speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

78. The allegations in the first sentence of Paragraph 78 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the second and third sentences of Paragraph 78 purport to characterize unidentified studies, which documents speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

79. Defendants admit the allegations in first sentence of Paragraph 79. The remaining allegations in Paragraph 79 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

80. The allegations in the first, second, and third sentences of Paragraph 80 purport to characterize unidentified determinations by scientists, which documents speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied. The allegations in the fourth sentence of Paragraph 80 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

81. Defendants admit the allegations in Paragraph 81.

82. Defendants admit the allegations in the first sentence of Paragraph 82. The remaining allegations in Paragraph 82 purport to characterize unidentified studies, which documents speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

83. The allegations in the first sentence of Paragraph 83 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. Defendants admit the allegations in the second, third, and fourth sentences of Paragraph 83. The allegations in the fifth sentence of Paragraph 83 purport to characterize unidentified scientific conclusions which documents speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied. The allegations in the sixth sentence of Paragraph 83 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

84. Defendants admit the allegations in the first sentence of Paragraph 84. The allegations in the second and third sentences of Paragraph 84 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the fourth sentence of Paragraph 84 purport to characterize unidentified "scientific evidence," which documents speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

85. Defendants admit the allegations in the first sentence of Paragraph 85. The remaining allegations in Paragraph 8 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

86. The allegations in the first and second sentences of Paragraph 86 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the third sentence of Paragraph 86 purport to quote from and characterize a 2021 GAO report, which document

speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

87. The allegations in the first, second, and fifth sentences of Paragraph 87 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the third, fourth, and sixth sentences purport to characterize unidentified estimates, studies, and "scientific analysis," which documents speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

88. The allegations in Paragraph 88 purport to characterize various NEPA documents, which documents speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

89. The allegations in Paragraph 89 purport to characterize the 2005 and 1987 programmatic EAs, which documents speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

90. The allegations in Paragraph 90 purport to quote from and characterize the 2005 and 1987 programmatic EAs, which documents speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

91. The allegations in Paragraph 91 purport to quote from and characterize the 2005 programmatic EA, which document speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

92. The allegations in Paragraph 92 purport to characterize the 2005 programmatic EA, which document speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

93. The allegations in Paragraph 93 purport to quote from and characterize the 2005 programmatic EA, which document speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

94. The allegations in Paragraph 94 purport to characterize the 2005 programmatic EA,

which document speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

95. The allegations in Paragraph 95 purport to quote from and characterize a BOEM webpage, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

96. The allegations in Paragraph 96 purport to characterize various NEPA documents, which documents speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

97. The allegations in the first sentence of Paragraph 97 present legal conclusions, which require no response. The remaining allegations in Paragraph 97 purport to characterize the Department of the Interior's Manual and the regulation cited, which documents for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

98. The allegations in Paragraph 98 purport to characterize various NEPA documents, which documents speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

99. Defendants deny the allegations in the first sentence of Paragraph 99. The remaining allegations in Paragraph 99 purport to characterize a BSEE dashboard, unidentified study, and various NEPA documents, all which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

## CLAIM FOR RELIEF

102.    Defendants incorporate by reference their responses to Paragraphs 1 through 101.

103.    The allegations in Paragraph 103 purport to quote from and characterize the statute and regulations cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

104.     The allegations in Paragraph 104 purport to quote from and characterize the regulations cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

105.     The allegations in the first sentence of Paragraph 105 constitute conclusions of law to which no response is required. The allegations in the second sentence of Paragraph 105 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the third sentence of Paragraph 105 purport to characterize the referenced NEPA documents, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.  Defendants deny the allegations in the fourth sentence of Paragraph 105.

106.     The allegations in Paragraph 106 constitute conclusions of law to which no response is required.

107.     The allegations in the first and second sentences of Paragraph 107 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the third sentence of Paragraph 107 purport to characterize the NEPA documents referenced, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

108.     The allegations in the first sentence of Paragraph 108 constitute conclusions of law to which no response is required. The allegations in the second and third sentences of Paragraph 108 purport to characterize the NEPA documents referenced, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied. The allegations in the fourth and fifth sentences of Paragraph 108 are vague and ambiguous and, therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

109.     The allegations in Paragraph 109 constitute conclusions of law to which no

response is required.

110.     The allegations in Paragraph 110 constitute conclusions of law to which no response is required.

## REQUEST FOR RELIEF

The remaining paragraphs of Plaintiff's Complaint consist of its request for relief, to which no response is required; to the extent a response may be required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

1.     The Court lacks subject matter jurisdiction over Plaintiffs' claims.

2.     Plaintiffs have failed to state a claim for which relief may be granted.

3.     Plaintiffs' claims are not ripe, are moot, or are otherwise non-justiciable.

4.     Defendants reserve the right to allege additional defenses as they become known and to amend their Answer accordingly.

WHEREFORE, Defendants respectfully request the Court to dismiss Plaintiff's Complaint with prejudice, enter judgment in favor of Defendants, and grant any other relief the Court deems just and proper.

Respectfully submitted this 13th day of December, 2024.

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

*/s/ Daniel Luecke*
Daniel Luecke (CA Bar No. 326695)
Trial Attorney, Natural Resources Section

16

Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-598-7863
Email: daniel.luecke@usdoj.gov

*Attorneys for Defendants*