**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL DIVERSITY,

      Plaintiff,

      v.

DEBRA HAALAND, et al.

      Defendants.

Case No. 1:24-cv-02014-TNM

**JOINT CASE MANAGEMENT STATEMENT**
**AND PROPOSED BRIEFING SCHEDULE**

Pursuant Local Rule 16.3, the Court's Order of December 16, 2024, ECF No. 15, and the Court's Minute Order of January 8, 2025, Plaintiff Center for Biological Diversity and Defendants Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior, et al., hereby submit this Joint Case Management Statement and Proposed Briefing Schedule.

**STATEMENT OF THE CASE**

In this case, Plaintiff challenges Defendants' failure to comply with the National Environmental Policy Act (NEPA), 42 U.S.C. § 4332(2)(C), and Administrative Procedure Act (APA), 5 U.S.C. § 706, in authorizing and managing offshore oil and gas activities in the Gulf of Mexico. *See* Pl.'s Complaint, ECF No. 1, ¶¶ 1, 102–10. Specifically, Plaintiff alleges that Defendants are violating NEPA and the APA because significant new information and changed circumstances regarding offshore oil and gas decommissioning—i.e., the process of plugging wells and the clean-up and removal of infrastructure used to develop a well after production has ended—trigger Defendants' obligation to complete additional NEPA analysis, which Defendants

1

have not done. *Id.* ¶¶ 1, 102–10. The new information and changed circumstances that Plaintiff alleges include that decommissioning is not occurring within legally required timeframes; that there are thousands of unplugged wells and hundreds of offshore platforms overdue for decommissioning in the Gulf; and that there is new scientific information regarding how unplugged wells and other idle infrastructure can cause significant environmental harms. *Id.* ¶¶ 5–8.

Plaintiff further alleges that, despite this new information and changed circumstances, Defendants have not completed a new environmental analysis. *See, e.g.*, *id.* ¶¶ 9, 96. Instead, according to Plaintiff, Defendants continue to rely on programmatic NEPA evaluations on Gulf decommissioning from 1987 and 2005 in permitting and managing Gulf oil and gas activity that do not consider or analyze the new information and changed circumstances. *See, e.g.*, *id.* ¶¶ 10, 98. Plaintiff seeks an order declaring that Defendants are violating NEPA and the APA; and an order that Defendants complete the required NEPA analysis by a date certain. *Id.* at pp. 32–33.

Defendants deny Plaintiff's allegations and deny that Plaintiff's requested relief is warranted. *See* Defs.' Answer, ECF No. 16.

## MATTERS SET FORTH IN LOCAL RULE 16.3(c)

1. Dispositive Motions

At this time, the Parties contemplate that all claims in this case will be decided on dispositive motions and any subsequent oral argument. No dispositive motion has yet been filed.

2. Joinder of Parties, Amendment of Pleadings, and Narrowing of Issues

The Parties do not anticipate joining any additional parties or amending the pleadings at this time. The Parties do not agree to narrow any issues at this time.

3. <u>Magistrate Judge</u>

The Parties do not consent to the assignment of this matter to a magistrate judge

4. <u>Possibility of Settlement</u>

The Parties have been engaged in settlement discussions for several months. Based on those discussions, the Parties no longer believe there is presently a realistic possibility of settling this case.

5. <u>Alternative Dispute Resolution</u>

The Parties are aware of the Court's Alternative Dispute Resolution (ADR) procedures and have considered the factors listed in Local Rule 16.3(c)(5). The Parties do not believe that ADR is likely to resolve this dispute at this time.

6. <u>Time For Filing of Dispositive Motions</u>

Defendants intend to move for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Parties propose a schedule for the briefing of that motion as follows:

| | |
|---|---|
| Defendants' Motion for Judgment on the Pleadings | February 14, 2025 |
| Plaintiffs' Opposition to Defendants' Motion for Judgment on the Pleadings | March 14, 2025 |
| Defendants' reply in support of their Motion for Judgment on the Pleadings | March 28, 2025 |

If the Court denies the motion in whole or in part, the Parties believe that the case can be resolved on cross-motions for summary judgment. If the Court denies the motion in whole or in part, the Parties will propose a schedule for the remainder of this case, including the filing the certified list of the contents of the administrative record[1] and summary judgment briefing, within

---

[1] It is Plaintiff's position that its claims challenging Defendants' failure to act are not limited to review of the administrative record. *See, e.g.*, *Nat'l Law Ctr. on Homelessness & Poverty v. U.S.*

14 days of the Court's decision.

7. <u>Discovery</u>

    The Parties do not anticipate any discovery in this case.

8. <u>Pre-Trial Conference</u>

    The Parties believe that this case will be resolved by dispositive motions. It is therefore not necessary to set a date for a pretrial conference.

9. <u>Class Action</u>

    This is not a class action.

10. <u>Trial</u>

    The Parties agree that all claims in this case will be decided on dispositive motions and any subsequent oral argument. Accordingly, this case will not require a trial.

**STATEMENT ON NEED FOR SCHEDULING CONFERENCE**

    In light of the foregoing, it is the Parties' position that the Initial Scheduling Conference set for January 23, 2025, at 10:30am is unnecessary.

    Respectfully submitted this 14th day of January, 2025,

                                 <u>*/s/ Kristen Monsell*</u>
                                   Kristen Monsell (DC Bar No. CA00060)
                                   David Derrick (*pro hac vice*)
                                   CENTER FOR BIOLOGICAL DIVERSITY
                                   1212 Broadway, Ste. 800
                                   Oakland, CA 94612
                                   (510) 844-7137 Telephone
                                   (510) 844-7150 Fax

---

*Dep't of Veterans Affairs*, 842 F. Supp. 2d 127 (D.D.C. 2012) ("when it comes to agency inaction under 5 U.S.C. § 706(1), 'review is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate limits of the record.'") (citations omitted). Defendants reserve the right to oppose the consideration of any evidence offered by Plaintiff that is beyond the scope of the administrative record. In the event Defendants' 12(c) motion is denied in whole or in part, the Parties will address resolution of any issues regarding the scope of the record and extra-record evidence in the proposed schedule for the remainder of the case.

kmonsell@biologicaldiversity.org
dderrick@biologicaldiversity.org

*Attorneys for Plaintiff*

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

*/s/ Daniel Luecke*
Daniel Luecke (CA Bar No. 326695)
Trial Attorney, Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-598-7863
Email: daniel.luecke@usdoj.gov

*Attorneys for Defendants*